Nicholas M. Pette, J.
Motion by the plaintiff for summary judgment against the defendants for the sum of $6,511.11 with interest thereon from October 1, 1957, Cross motion by the defendant, Continental Casualty Company, to stay the trial and all proceedings in this action until the further order of this court on the ground that where the primary debtor is in funds and capable of discharging the debt, the creditor is duty bound to exhaust its remedies against the principal before having recourse to the surety.
Qn May 3, 1956, the defendant Milford Construction Corp., hereinafter referred to as “Milford”, contracted with the City of New York to construct a sanitary sewer and appurtenances in certain localities described in the complaint. As a condition precedent to Milford’s obtaining from the city an award of said contract, Milford as principal, and the defendant, Continental Casualty Company, hereinafter referred to as 4 ‘ Continental ’ ’, as surety, executed and delivered to the city two bonds, one of which was a performance bond guaranteeing performance by Milford of the terms of its contract with the city, and the other was a payment bond guaranteeing payment to laborers and materialmen for all labor performed and/or materials furnished to Milford in connection with the prosecution of the aforesaid improvement.
Milford thereafter entered upon the performance of its contract and purchased from the plaintiff materials consisting of ready-mix concrete, sand, stone, screenings and aggregates, all of which were used and became part of the construction of the improvement. Between July 19, 1956 and November 22, 1956 inclusive, plaintiff sold and delivered to the defendant Milford the aforesaid materials totaling $31,127.24, on account of which plaintiff received $24,340.53, leaving a balance due of $6,786.71 for which this action was brought. After joinder of issue, plaintiff examined the defendant Milford before trial. The only charges and items which were disputed were for waiting time in the sum of $275.60 which the plaintiff now waives for the *1031 purposes of this motion and asks for summary judgment for the balance of $6,511.11.
Milford has not opposed this motion and accordingly it is granted as to it for said sum of $6,511.11 with interest.
As to the defendant Continental, it commenced an action in the Supreme Court, New York County, for exoneration, to which all claimants to the funds consisting of retained percentages in the hands of the city were made parties, including this plaintiff who moved to dismiss the complaint for legal insufficiency, or, in the alternative, to compel Continental to separately state and number alleged intermingled causes of action. Mr. Justice Greenberg denied the motion, stating: “ The action is brought by a surety upon bonds furnished pursuant to two contracts for public improvements. While the movant is not precluded from instituting appropriate suit against the surety secondarily liable it is, nevertheless, bound by plaintiff’s rights of exoneration whereby all claimants will receive their due in accordance with the paramount right of the city and of the surety to apply the moneys earned and the retained percentages to the satisfaction of all bonded claims.” (Continental Cas. Co. v. Milford Constr. Corp., 15 Misc 2d 953.)
Under these circumstances, the motion for summary judgment with respect to Continental is denied, without prejudice to renewal should said surety fail to recover the amount due either by exoneration against Milford or in the exoneration cause (supra), and the prosecution of this action against said surety company is stayed accordingly.
Settle order.